**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| RONALD FULLER-WOODSON, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 2:24-cv-353 |
| | ) | Magistrate Judge Maureen P. Kelly |
| v. | ) | |
| | ) | Re: ECF Nos. 92 and 97 |
| UNIT MANAGER SPIKER; *and* | ) | |
| UNIT MANAGER GUYTON, | ) | |
| | ) | |
| Defendants. | ) | |

## <u>MEMORANDUM ORDER</u>

Plaintiff Ronald Fuller-Woodson ("Plaintiff") presents two Motions to Compel related to the disbursement of funds paid in the settlement of this action. ECF Nos. 92, 97. For the following reasons, the motions are denied.

On December 1, 2025, Plaintiff filed a Motion to Compel Defendants to remit the funds due him in the settlement of this action and requested that the Court impose a penalty for Defendants' failure to timely issue payment. ECF No. 92. Plaintiff later clarified that settlement funds were issued and deposited into his inmate account on December 4, 2025. ECF No. 97-1. Thus, Plaintiff's Motion to Compel is denied as moot. The Court further finds that sanctions are not warranted for the delay in payment that resulted in large part from unresolved state budget constraints beyond Defendants' control. ECF No. 93. Accordingly, Plaintiff's request for sanctions is denied.

Plaintiff filed his second Motion to Compel on December 29, 2025. ECF No. 97. Plaintiff contends that prison officials improperly withheld settlement proceeds to pay outstanding amounts owed by him for restitution, court costs, and court fees. In a subsequent filing, Plaintiff asserts that

the funds were wrongfully withheld in violation of 42 Pa. C.S. § 6608 to pay restitution owed in his underlying criminal proceeding in Montgomery County, Pennsylvania at Docket No. CP-46-CR-006208-2017. ECF No. 99. To rectify this situation, Plaintiff asks the Court to order the Department of Corrections to issue payment to him for $1,869.40. ECF No. 97.

On January 20, 2026, Plaintiff filed a supplemental Notice claiming that the deduction at issue violates "Act 84" because the sum withheld and paid to Montgomery County exceeds 25% of his inmate account. ECF No. 102. He provides an inmate account statement that reflects that prison officials made deductions to pay amounts owed in two state court criminal proceedings and for filing fees owed in two federal cases. ECF No. 102-1. The deductions equal the proceeds received in the settlement of the settlement agreement.

In their response, Defendants explain that after adding the settlement proceeds to Plaintiff's inmate account, prison officials provided notice to Plaintiff on December 4, 2025, that the amount received would be held for deductions taken in accordance with 42 Pa. C.S. § 6608. ECF No. 100 at 2; ECF No. 100-1. Section 6608 expressly provides that "[m]onetary damages awarded to a prisoner in connection with prison conditions litigation or paid in settlement of prison conditions litigation which is payable from funds appropriated by the General Assembly shall first be used to satisfy any outstanding court orders requiring the prisoner to pay restitution, costs, bail, judgments, fines, fees, sanctions, or other court-imposed amounts in connection with a criminal prosecution or sentence." ECF No. 100 at 3 (citing 42 Pa. C.S. § 6608).

In the notice, prison officials informed Plaintiff that he owed Montgomery County, Pennsylvania $3,512.17 in the action at CP-46-CR-0006208-2017 for restitution, court costs, and fees. Prison officials further advised Plaintiff that the funds would be held for 15 days to permit him an opportunity to contest the deductions. Absent a grievance, the check would be deposited,

and the deductions would occur. Defendants state that Plaintiff did not file a grievance within the time allowed and the deductions were taken.

Upon review of Plaintiff's Motion to Compel and Defendants' Response, and the public docket of Plaintiff's underlying criminal proceedings, the Court finds that Plaintiff is subject to at least three judgments with outstanding balances that total $5,792.17. In Docket No. CP-46-CR-0006208-2017 (Montgomery County), the trial court entered judgment against Plaintiff in the amount of $4,263.25. At the time the instant action was settled, Plaintiff's outstanding balance was $3,512.17.[1] In Docket No. CP-46-CR-0003718-2018 (Montgomery County), the trial court entered judgment against Plaintiff in the amount of $1,453.75.[2] At the time the instant action was settled, Plaintiff's outstanding balance was $495. Finally, at Docket No. CP-46-CR-0006456-2022 (Montgomery County), the trial court entered judgment against Plaintiff in the amount of $906.25.[3] At the time the instant action was settled, Plaintiff's outstanding balance was $806.25.

As reflected in Plaintiff's exhibits, prison officials made one deduction from his inmate account in the amount of $495 for Plaintiff's 2018 case, two deductions in the amount of $2,093.40 in his 2017 action, and two deductions for federal filing fees in the amount of $287.60. ECF No. 102-1. Plaintiff does not dispute that these amounts are owed. Instead, he objects that the proceeds of the settlement were immediately seized in full to satisfy his outstanding judgments.

In Montanez v. Sec'y Pennsylvania Dep't of Corr., 773 F.3d 472, 486 (3d Cir. 2014), the United States Court of Appeals for the Third Circuit held that "the government has an 'important

---

[1] See https://ujsportal.pacourts.us/Report/CpDocketSheet?docketNumber=CP-46-CR-0006208-2017&dnh=XDYlRyFm27KAfCcXCZZ9Xw%3D%3D

[2] See https://ujsportal.pacourts.us/Report/CpDocketSheet?docketNumber=CP-46-CR-0003718-2018&dnh=osLDfUXzsCoS3lKNf2r9kw%3D%3D

[3] See https://ujsportal.pacourts.us/Report/CpDocketSheet?docketNumber=CP-46-CR-0006456-2022&dnh=alKL%2BRVsjX7EVWleErbv%2Bw%3D%3D

state interest' in collecting restitution, costs, and fines from incarcerated criminal offenders to compensate victims." Id. at 483 (citations omitted). All funds deposited in inmate accounts regardless of sources, and not otherwise exempt, are subject to seizure. Id. at 476-77.

Here, Plaintiff is mistaken that prison officials violated Act 84 because the deductions exceed 25% of his inmate account balance for December. Act 84 provides that deductions shall be made by the Department of Corrections of **at least 25%** of deposits received. 42 Pa. C.S. § 9728(b)(5)(i). And, where funds are received in settlement of claims related to prison conditions, 42 Pa. C.S. § 6608 requires prison officials to **first** allocate all funds received to outstanding court orders for restitution, costs, and fees. Thus, considering Plaintiff's total outstanding obligations, prison officials were required to allocate the settlement proceeds in full to satisfy Plaintiff's outstanding judgments and assessments.

For the foregoing reasons, IT IS HEREBY ORDERED that Plaintiff's Motion to Compel, ECF No. 92, is denied as moot, and Plaintiff's Motion to Compel, ECF No. 97, is denied.

IT IS FURTHER ORDERED that, pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure, if any party wishes to appeal from this Order he or she must do so within thirty (30) days by filing a notice of appeal as provided in Rule 3, Fed. R. App. P., with the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219.

Dated: January 22, 2026                    BY THE COURT,

                                          */s/ Maureen P. Kelly*
                                          MAUREEN P. KELLY
                                          UNITED STATES MAGISTRATE JUDGE

cc:      All counsel of record by Notice of Electronic Filing

Ronald Fuller-Woodson
NT0903
SCI Phoenix
1200 Mokychic Drive
Collegeville, PA 19426